J-S35002-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PATRICK OKEY | |
| Appellant | No. 1157 WDA 2015 |

Appeal from the Judgment of Sentence July 16, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000601-2015

BEFORE:  LAZARUS, J., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED JULY 31, 2017**

Patrick Okey appeals from his judgment of sentence, entered in the Court of Common Pleas of Erie County, following his conviction for three counts of failing to register with the Pennsylvania State Police under our Commonwealth's version of Megan's Law/Sexual Offender Registration and Notification Act.[1]  Okey's counsel seeks to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  Because we have identified one non-frivolous issue

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Megan's Law previously provided for the registration of sexual offenders and was codified at 42 Pa.C.S.A. § 9791 *et seq*.  Megan's Law was replaced with the Sexual Offender Registration and Notification Act ("SORNA"), effective December 20, 2012.  ***See*** 42 Pa.C.S.A. § 9799.10-9799.41.  Okey is now subject to registration under SORNA, even though Megan's Law was in effect at the time of his underlying conviction.

which entitles Okey to sentencing relief, we deny counsel's petition to withdraw, affirm Okey's convictions, vacate his judgment of sentence, and remand for resentencing.

Okey was required to register as a Tier 1 sex offender under Megan's Law following his conviction in 2009 for attempting to lure a child into a motor vehicle.[2]  Prior to his release from custody[3] at the State Correction Institute in Albion, Pennsylvania ("SCI Albion"), on January 14, 2015 Okey meet with Margaret Lucas, an employee in SCI Albion's records department. Lucas testified that she met with Okey to review the information necessary for him to register as a sex offender.  Although Okey understood the registration requirements, he refused to sign any verification relating to the information the State had about him, or to be photographed or fingerprinted, due to his believe that his underlying conviction was in error. Under SORNA, a registrant must provide authorities with the address at which he will reside upon release.  Although Okey did provide an address, he told Lucas the address was not the one at which he would live, and refused to provide Lucas with that address.

---

[2] 18 Pa.C.S.A. § 2910(a).

[3] Okey has a prior conviction for failure to register under Megan's Law/SORNA, also stemming from his underlying conviction for attempted luring.  The instant offenses occurred as he was being released from custody on that conviction.

On January 27, 2015, Corporal Mark Weindorf and Trooper Christian Miller of the Pennsylvania State Police met with Okey at SCI Albion in an attempt to have Okey complete his registration. Corporal Weindorf testified that Okey's previous conviction required Okey to register under SORNA. Corporal Weindorf stated that Okey had been provided with four opportunities to register, and on each occasion, Okey refused to comply in any way. Because of his refusal to register, Okey was charged and arrested.

Okey represented himself at trial after waiving his right to counsel. Okey's argument was that the underling conviction for luring a child into a motor vehicle was baseless and made in error, therefore, he is not subject to SORNA's registration requirements. On July 15, 2015, Okey filed a motion *in limine*, essentially seeking to relitigate his underlying conviction. The motion was denied that same day. On July 16, 2015, a jury convicted Okey of knowingly failing to register as a sex offender with the Pennsylvania State Police,[4] knowingly failing to verify his address or be photographed,[5] and knowingly failing to provide an accurate address.[6] On August 27, 2015, Okey was sentenced to 60 to 120 months' incarceration pursuant to the

---

[4] 18 Pa.C.S. § 4915.1(a)(1)

[5] 18 Pa.C.S. § 4915.1(a)(2)

[6] 18 Pa.C.S. § 4915.1(a)(3)

mandatory minimum set forth in 42 Pa.C.S.A. § 9718(2)(i). This appeal followed.[7]

Okey filed a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal on December 13, 2016. The trial court filed its Rule 1925(a) opinion on January 5, 2017. On April 21, 2017, Okey's counsel filed a statement of intent to file an **Anders** brief pursuant to Rule 1925(c)(4).

Counsel has filed a petition to withdraw pursuant to the requirements set forth in **Anders** and **Santiago**. Our Supreme Court in **Santiago** held:

> [I]n the **Anders** brief that accompanies court[-]appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Once counsel has satisfied the procedural requirements of **Santiago**, this Court engages in an independent evaluation of the record to determine if the claims on appeal are wholly frivolous. **Commonwealth v. Rojas**, 874 A.2d 638, 639 (Pa. Super. 2005).

Counsel's brief satisfies the necessary procedural requirements. Her brief provides "a summary of the procedural history and facts, with citations

---

[7] Okey originally filed his appeal prior to sentencing. However, the appeal is deemed timely filed pursuant to Pa.R.A.P. 905(a)(5), which provides that "a notice of appeal filed after the announcement of a determination but before the entry of an applicable order shall be treated as filed after such entry and on the day thereof."

to the record." *Santiago*, 978 A.2d at 361; Brief of Appellant, at 5-6. She further provides a review of the record, and raises the issues she believes arguably supports an appeal. *Santiago*, 978 A.2d at 360; Brief of Appellant, at 8-10. Counsel's brief also states her conclusion that the claims are frivolous, and she provides her reasoning for this conclusion. *Santiago*, 978 A.2d at 360; Brief of Appellant, at 11-13. Lastly, counsel notified Okey of her request to withdraw and provided him with a copy of the brief and a letter explaining his right to retain new counsel or proceed *pro se* as to any issues he believes might have merit. Counsel having satisfied the procedural requirements for withdrawal, we must now examine Okey's claim to determine if the appeal is frivolous. *Anders*, 386 U.S. at 744; *Rojas*, 874 A.2d at 639.

Okey raises the following issues for our review:

A. Whether the trial court abused its discretion in denying [Okey's] [m]otion in [l]imine that sought to limit the testimony regarding [Okey's] prior conviction(s).

B. Whether the Commonwealth failed to present sufficient evidence to find [Okey] guilty beyond a reasonable doubt for [f]ailure to [register] with the [Pennsylvania State Police].

C. Whether the trial court abused its discretion in sentencing [Okey] and whether . . . the sentence is manifestly excessive, clearly unreasonable and inconsistent with the objectives of the Sentencing Code.

Brief of Appellant, at 4.

Okey first claims that the trial court erred in denying his motion *in limine*, in which he sought to present evidence he believed would prove that

his underlying conviction for attempting to lure a child was in error. Our standard of review for determining if evidence was properly excluded is as follows:

> The admissibility of evidence is a matter directed to the sound discretion of the trial court, and an appellate court may reverse only upon a showing that the trial court abused that discretion. The threshold inquiry with admission of evidence is whether the evidence is relevant. Evidence is relevant if it logically tends to establish a material fact in the case, tends to make a fact at issue more or less probable, or supports a reasonable inference or presumption regarding the existence of a material fact.

*Commonwealth v. Robinson,* 721 A.2d 344, 350 (Pa. 1998) (citations and quotation marks omitted). In short, Okey must show that the evidence he wished to present was relevant to a matter at issue in the present case, and that the trial court's finding that the evidence was irrelevant was an abuse of its discretion. *Lewis v. Coffing Hoist Div., Duff-Norton Co.*, 528 A.2d 590, 592 (Pa. 1987).

In this case, Okey was charged with three counts of failure to comply with registration requirements 18 Pa C.S.A. § 4915.1(a)(1-3). Section 4915 provides, in relevant part:

> **(a)** **Offense defined.** — An individual who is subject to registration under 42 Pa.C.S. § 9795.1(a) or (a.1) (relating to registration) or an individual who is subject to registration under 42 Pa.C.S. § 9795.1(b) or who was subject to registration under former 42 Pa.C.S § 9793 (relating to registration of certain offenders for ten years) commits an offense if he knowingly fails to:

> (1) register with the Pennsylvania State Police as required under 42 Pa.C.S. § 9795.2 (relating to registration procedures and applicability);
>
> (2) verify his residence or be photographed as required under 42 Pa.C.S. § 9796 (relating to verification of residence); or
>
> (3) provide accurate information when registering under 42 Pa.C.S. § 9795.2 or verifying a residence under 42 Pa.C.S. § 9796.

18 Pa.C.S. § 4915(a)(1-3) (bold in original). Section 9795.2 provides, in relevant part:

> (a) Registration.
>
> > (1) Offenders and sexually violent predators shall be required to register with the Pennsylvania State Police upon release from incarceration, upon parole from a State or county correctional institution or upon the commencement of a sentence of intermediate punishment or probation. For purposes of registration, offenders and sexually violent predators shall provide the Pennsylvania State Police with all current or intended residences, all information concerning current or intended employment and all information concerning current or intended enrollment as a student.

42 Pa.C.S. § 9795.2(a)(1).

The record clearly shows that Okey was previously convicted of a crime that requires him to register as a sex offender with the Pennsylvania State Police.[8] Trial Court Opinion, 1/5/17, at 2; Brief of Appellant, at 5. The facts of Okey's previous conviction, and his attempts to relitigate them, are

_____

[8] 42 Pa. C.S.A. § 9795.1

completely irrelevant to whether Okey failed to meet his registration obligations under section 4915. As such, the evidence was properly excluded. *See **Commonwealth v. Cook***, 952 A.2d 594, 612 (Pa. 2008) (holding that exclusion of out of court statements made by unrelated party was proper when statements were irrelevant in finding whether discriminatory intent existed). Moreover, Okey cannot use this appeal to make a collateral attack on his 2008 conviction. Any collateral attack on an underlying conviction must be raised in a petition pursuant to the Post Conviction Relief Act,[9] which provides the sole means for obtaining collateral review of a judgment of sentence. ***Commonwealth v. Infante***, 63 A.3d 358, 365 (Pa. Super. 2013). Accordingly, we find that the trial court did not abuse its discretion in denying Okey's motion *in limine* and Okey's claim to be without merit.

Okey next asserts that there was insufficient evidence to support his conviction. Our standard of review upon a challenge to the sufficiency of the evidence is well settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not

---

[9] 42 Pa.C.S.A. §§ 9541-9546.

preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. DiStefano*, 782 A.2d 574, 582 (Pa. Super. 2001), quoting *Commonwealth v. Hennigan*, 753 A.2d 245, 253 (Pa. Super. 2000) (citations and quotation marks omitted).

In this case, the jury convicted Okey of three section 4915.1 violations: (1) knowingly failing to register as a sex offender with the Pennsylvania State Police; (2) knowingly failing to verify his address or be photographed; and (3) knowingly failing to provide an accurate address. 18 Pa.C.S.A. § 4915.1(a)(1-3). In order to convict Okey of these crimes, the jury must have determined that Okey was subject to registration, and failed to comply with section 4915.1(a)(1-3). Additionally, the jury must have determined that Okey acted knowingly. "Knowingly" is defined in our Crimes Code as follows:

(2) A person acts knowingly with respect to a material element of an offense when:

(i) if the element involves the nature of his conduct or the attendant circumstances, he is aware that his conduct is of that nature or that such circumstances exist.

18 Pa.C.S. § 302(b)(2)(i). Our Court has interpreted this provision to mean that "a person 'knows' . . . if he is 'aware' of [a] fact." *Commonwealth v. Robinson*, 128 A.3d 261, 265 (Pa. Super. 2015), citing 18 Pa.C.S.A. § 302(b)(2)(i).

Upon review of the record and viewing all evidence in a light most favorable to the Commonwealth, *Distefano*, *supra*, we find that there was sufficient evidence to support a finding that Okey knowingly failed to comply with his SORNA requirements. Testimony from Corporal Weindorf indicated that Okey had been convicted of a crime that required him to comply with SORNA. Lucas and Corporal Weindorf both testified that Okey was aware of his SORNA requirements, yet refused to comply with any of them. The only action Okey took to comply with his obligations was providing Lucas with an inaccurate address. Accordingly, this claim is meritless.

Finally, Okey argues that the trial court abused its discretion in imposing his sentence. However, this claim is moot, as our own independent review of the record reveals that Okey was illegally sentenced under section 9718.4.[10]

At the time of Okey's sentencing, our decision in *Commonwealth v. Pennybaker*, 121 A.3d 530, 534 (Pa. Super. 2015), held that application of

---

[10] While neither the trial court nor the parties have raised this issue, "[a]n illegal sentence can never be waived and may be reviewed *sue sponte* by this Court." *Commonwealth v. Archer*, 722 A.2d 203, 209 (Pa. Super. 1998).

- 10 -

mandatory minimum statutes was constitutional when sentencing for failure to register under SORNA. However, on allowance of appeal, the Supreme Court of Pennsylvania vacated and remanded to the trial court for resentencing without application of the mandatory minimum, in light of its recent decisions in *Commonwealth v. Wolfe*, 140 A.3d 651 (Pa. 2016), and *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015). *See Commonwealth v. Pennybaker*, 145 A.3d 720, (Pa. 2016) (per curiam). Our recent decision in *Commonwealth v. Blakney*, 152 A.3d 1053 (Pa. Super. 2016), held all of section 9718.4 unconstitutional under *Alleyne v. United States*, 133 S. Ct. 2151 (2013),[11] as violating the right to trial by jury. Consequently, Okey's mandatory minimum sentence under section 9718.4 must be vacated. Accordingly, we deny counsel's petition to withdraw, and remand for resentencing, without consideration of the mandatory minimum set forth in section 9718.4. Because this issue involves a question of law and our review of the record is complete, we decline to remand for the preparation of an advocate's brief. *See Commonwealth v. Mitchell*, 986 A.2d 1241, 1244 (Pa. Super. 2009) (remanding *Anders* appeal for resentencing when court imposed illegal sentence, without first requiring advocate's brief).

_____

[11] In *Alleyne*, the Supreme Court held that "facts that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt. *Alleyne*, 133 S. Ct. at 2163.

In conclusion, we find Okey's claims of abuse of discretion by the trial court and insufficiency of the evidence to be meritless. Because of our recent decision in **Blakney**, we find his sentence under section 9718.4 to be illegal, and remand the case for resentencing. Consequently, counsel's **Anders** motion is denied.

Convictions affirmed. Judgment of sentence vacated. Motion to withdraw denied. Case remanded for resentencing without consideration of the mandatory minimum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/31/2017